# Shapard *v.* Lewis.

*Action on an Account.*

1. *A judgment by default without service of process will be reversed.*—A judgment by default will be reversed when the record does not show that the defendants were served with process.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. W. L. WHITLOCK.

David G. Lewis instituted a suit at the spring term, 1875, of the Circuit Court of Etowah county, against James J. Colt, Bartholomew Boyles, William B. Shapard, B. E. Wells and Hugh Carlisle, partners under the firm name and style of the Alabama and Georgia Contracting Company, to re- cover twenty-five hundred dollars for work and labor done on the East Alabama and Cincinnati Railroad. A copy of the summons and complaint was served on "Bartholomew Boyles, one of the defendants." At the fall term of the court, the death of Bartholomew Boyles was suggested, and the "cause continued generally." The case was continued for several terms of the court, and on the 13th day of March, 1877, a writ of *scire facias* was issued to Needham Lee as administrator of Bartholomew Boyles, and was duly served upon him on the 10th of April, 1877.

On the 26th day of April, 1877, the following judgment was entered in the said Circuit Court:

"And it appearing to the court that the said Needham Lee is the administrator as aforesaid of said estate of said Bartholomew Boyles, deceased; and it further appearing to the satisfaction of the court that proper process had issued to said Needham Lee, as such administrator of the estate of said Bartholomew Boyles, deceased, of this motion, which has been duly returned executed. It is, therefore, consid- ered by the court that this suit stand revived against the said Needham Lee as administrator and representative of said estate of said Boyles, deceased, and this cause is con- tinued as to him. And James J. Colt, William B. Shapard, B. E. Wells and Hugh Carlisle being solemnly called to come into court and make defence against this suit, come not, but make default. It is, therefore, considered by the court that the plaintiff have judgment against the above named members of the Alabama and Georgia Contracting Company; and because the damages are uncertain, a writ of inquiry to ascertain the damages, is awarded, which is done. And thereupon come a jury of good and lawful men, to-wit: T. Jesse Wayne and eleven others, who being sworn and charged to assess damages, upon their oaths, do say: 'We find for the plaintiff and assess his damages at the sum of one thousand six hundred and forty-two 65-100 dollars.'

"It is, therefore, considered by the court that the plain- tiff recover against James J. Colt, William B. Shapard, B. E. Wells and Hugh Carlisle, members of the Alabama and

Georgia Contracting Company, against which the suit is brought, one thousand six hundred and forty-two 65-100 dollars, the damages assessed by the jury aforesaid, besides the costs in this behalf expended, for which let execution issue."

Brief of W. H. BARNES & SONS, for appellants.—The complaint discloses the individual names of an alleged partnership, doing business under the firm name and style of the "Alabama and Georgia Contracting Company." It does not appear of record that said alleged partnership is or was dissolved. The summons, complaint and the return of the sheriff show service of same, only upon one of the alleged partners, viz.: B. Boyles. A judgment by default was rendered by the court against all the alleged partners individually, only. This judgment was unauthorized.—*Shapard et al. v. Lightfoot*, 56 Ala. 506.

W. B. MARTIN, for appellee.

PER CURIAM.—Reversed and remanded on the authority of *Shapard et al. v. Lightfoot*, 56 Ala. 506—there being no service or appearance by the defendants against whom judgment was rendered.